THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK, RESPONDENT, v. THE PENNSYLVANIA RAILROAD COMPANY, APPELLANT.

Argued June 18, 1914—Decided November 16, 1914.

1. On a trial of an action of ejectment by the city of Newark against a railroad company, to recover possession of a piece of land claimed to be part of a public street, although never used as such, it appeared that the city had entered into a contract with the company for the elimination of grade crossings by the elevation of defendant's railroad, in which it was provided that the work should be done in conformity with certain plans and specifications referred to in, and made a part of, the contract; the plans and specifications provided that the station which stood upon a part of the *locus in quo* should be raised to the level of the railroad when elevated—*Held,* that by that contract the city recognized the right of the defendant to the exclusive possession of the station site, free from any user of public travel thereon, and that said contract was either an abandonment of a

previous acceptance of dedication, or a recognition of the invalidity of such acceptance.

2. The direction of a verdict in favor of the plaintiff in an action of ejectment can only be justified when its right to the present possession of the *locus in quo* is conclusively shown.

---

On appeal from a judgment of the Supreme Court.

For the appellant, *Vredenburgh, Wall & Carey.*

For the respondent, *Frank E. Bradner* and *Herbert Boggs.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.  The city of Newark brought ejectment to recover possession of three separate tracts of land lying within the limits of that city, claiming that each of them had been dedicated to public use for highway purposes, that such dedication had been accepted by the city, and that the occupation of them by the defendant constituted an unlawful invasion of the public right.  A plea of not guilty having been filed the case came on to be tried at the Essex Circuit.  At the conclusion of the evidence on both sides the court was requested to direct a verdict in favor of the defendant company as to all three tracts.  It did so as to tract No. 2, but refused to comply with the request as to tract Nos. 1 and 3.  As to the latter tract (No. 3) it directed a verdict in favor of the city; and as to tract No. 1 left it to the jury to determine, on the evidence submitted, whether the railroad company or the city was entitled to the possession thereof. The jury found in favor of the city as to tract No. 1, and followed the instructions of the court with relation to tracts Nos. 2 and 3.

The defendant, on this appeal, challenges the action of the trial court both in directing a verdict against it as to the third tract, and in refusing to direct a verdict in its favor as to the first tract.

Tract No. 1 is a parcel of land seven hundred and forty-three feet in length and twenty-nine feet in width, extend-

JUNE TERM, 1914. 577

86 *N. J. L.* Newark v. Penna. R. R. Co.

ing from Market street to Hamilton street. The city contends that this land lies within the lines of New Jersey Railroad avenue, which was dedicated to public use as a highway by one Pruden Alling about the year 1833, or earlier—he then being the owner thereof. New Jersey Railroad avenue as dedicated extended from Market street in a southerly direction to the Essex and Middlesex turnpike, was one hundred and twenty feet in width throughout its whole length and included tract No. 1.

On August 1st, 1835, Alling and his wife conveyed to the New Jersey Railroad and Transportation Company (the predecessor in title to the present defendant) a strip of land sixty-six feet in width, thirty-three feet on each side of the centre line of New Jersey Railroad avenue, and extending through its entire length. On this strip the railroad now operated by the defendant was constructed, and has ever since remained. On the same day Alling and wife conveyed to Russel H. Nevins and Elihu Townsend a parcel of land which included tract No. 1 in the present controversy. This tract abuts upon the sixty-six-foot strip conveyed to the New Jersey Railroad and Transportation Company, and lies to the west thereof. On June 1st, 1837, Nevins and Townsend conveyed this tract to the New Jersey Railroad and Transportation Company, and it has ever since been in the exclusive possession of that company and its successors, and has been continuously devoted to railroad uses.

The dedication was clearly proved, and, although it had not been accepted by the city at the time of the conveyances of tract No. 1, as above set out, the railroad company took that tract subject to the right of the city thereafter to accept the dedication, if it considered it desirable to do so. *South Amboy* v. *New York and Long Branch Railroad Co.*, 66 *N. J. L.* 623.

In 1849, the legislature, by the fifth section of a supplement to the charter of the city of Newark (*Pamph. L., p.* 203), empowered common council to cause surveys to be made of streets and alleys which had theretofore been dedi-

578    COURT OF ERRORS AND APPEALS.

Newark v. Penna. R. R. Co.    *86 N. J. L.*

cated to public use, and which that body thought proper to recognize and determine as public. Pursuant to such authority common council later in the same year caused a survey to be made of New Jersey Railroad avenue. This survey, known as the Dunn survey, describes New Jersey Railroad avenue as beginning at the junction of said avenue with the Essex and Middlesex turnpike, thence running northerly one hundred and twenty feet in width to Hamilton street, *and thence the same course to Market street twenty-seven feet in width from the easterly line thereof;* excepting and reserving to the New Jersey Railroad and Transportation Company for their use the middle portion of said avenue sixty-six feet in width. It was received and approved by common council, and such action by that body constituted an acceptance of the Pruden Alling dedication to the extent of the lands embraced within the lines of the survey (*Schmidt* v. *Spaeth, ante p.* 179), assuming, as counsel for the appellant concedes, that the law permits such a partial acceptance. This municipal action, however, did not constitute an acceptance of the dedication of the *locus in quo* to public use, that not being embraced within the lines of the survey.

Later, and in the year 1856, common council, assuming to act under the same legislative authority, caused a second survey to be made by the then city surveyor, Mr. Edward Carter. This second survey showed New Jersey Railroad avenue to be a highway one hundred and twenty feet wide throughout its whole length from Market street to the Essex and Middlesex turnpike. It, also, was received and approved by common council.

The city bases its claim of right to the possession of tract No. 1 for public uses upon the Pruden Alling dedication, and the survey and acceptance thereof of 1856.

It was argued with great force by counsel for the defendant that this second survey, and the action of council upon it, was entirely nugatory. That with respect to the lands embraced within the Dunn survey, they were already a public highway, having become so by the dedication of Alling, and

the acceptance of that dedication by the action of council in 1849. That as to the *locus in quo*, the action of council, in 1849, in excluding it from their acceptance, constituted a refusal by that body to accept the dedication thereof to public use; the argument being that, although a dedication once made is irrevocable until acted upon by the public authorities, yet, when such action is had it is final and conclusive, whether the offer of the dedication be accepted or rejected; and that when rejected the dedicator, and those claiming under him, hold the lands thereafter free from any subsequent right of user by the public. The reasoning of Chief Justice Whelpley, delivering the opinion of this court in *Jersey City* v. *Howeth*, 30 *N. J. L.* 521, is quite persuasive of the soundness of this contention; but because of facts immediately hereinafter recited we do not find it necessary to pass upon it.

In the year 1901, the city of Newark entered into a contract with the present defendant, and its lessor (the successor in title to the New Jersey Railroad and Transportation Company), under the authority of an act of the legislature approved March 19th, 1874 (*Pamph. L., p.* 45), and the various supplements thereto, the purpose of which was to eliminate grade crossings in the municipality by the elevation of defendant's railroad throughout the city limits. The contract provided that the work of elevation should be done in conformity with certain plans and specifications referred to in the contract, and made a part thereof. At the time of making this agreement the Market street station of the defendant company stood upon a part of the *locus in quo*. The plans and specifications required the raising of that station upon its then site to the grade of the elevation of the roadbed, and the building of a station platform to connect the station itself with that roadbed. This work, as was conceded by counsel for the city at the argument of the case, was done in strict conformity with the provisions of the contract. The station building and the connecting platform cover tract No. 1. The situation, then, is this: Tract No. 1, although lying within the limits of Railroad avenue, as originally dedicated

580    COURT OF ERRORS AND APPEALS.

Newark v. Penna. R. R. Co.        86 N. J. L.

by Pruden Alling, was conveyed to the New Jersey Railroad and Transportation Company in 1837, and was thereupon appropriated by that company exclusively to railroad uses, free from any claim of the public until 1856, at which time the city, by the survey and approval thereof already referred to, claimed to accept its dedication to public use, but, notwithstanding such action on its part, took no steps to open it to public travel, but permitted it to remain in the exclusive possession and use of the New Jersey Railroad and Transportation Company and its successors until the making of the contract of 1901. By that contract it recognized the right of the present defendant, as the successor of the New Jersey Railroad and Transportation Company, to the exclusive possession of this tract, free from any user of public travel thereover. Such action on its part was either an acknowledgment of the invalidity of its acceptance of the dedication in 1856, or a repudiation and abandonment of that acceptance if it was valid, and a solemn declaration on its part, by necessary inference, that the railroad company should thereafter hold and possess the tract in question free from any right of the city to occupy it as a public highway. This being so, we conclude that the trial court should have directed a verdict in favor of the defendant so far as this tract is concerned.

As to tract No. 3: This tract is a strip of land about one hundred and fifty feet in length, and ten feet in width, running from the easterly line of Alling street to the westerly line of New Jersey Railroad avenue, and is claimed by the city to be a public alley by dedication and acceptance.

The claim of the defendant was that the alley was not a public, but a private, one, and there was sufficient evidence in support of this claim to make the determination of the question one for the jury rather than the court. But, even if the evidence had conclusively shown that the alley had been dedicated as a public way, and had been accepted as such by the city, the direction of a verdict against the defendant as to this tract was without legal justification. So far as appears from the testimony the tract had never been subjected to a

public user. From a period prior to the year 1850 down to the year 1901, the defendant company and its predecessor had been in the exclusive possession of this tract, and owned the fee thereto. A portion of the Market street station already referred to was built upon the easterly portion of this strip in 1889, and continued to occupy it at the time of the making of the elevation contract of 1901. By that contract the city recognized the right of the defendant to occupy the land covered by its station, and, as has already been said, abandoned any claim on its part to subject the same, or any portion thereof, to highway uses.

The refusal of the trial court to direct a verdict in favor of the defendant with relation to the first tract, and the direction of a verdict in favor of the city with relation to the third tract, being, each of them, erroneous, the judgment under review must be reversed.

GARRISON, J. (dissenting).

In regard to tract No. 1, viz., New Jersey Railroad avenue, the question of acceptance was properly submitted to the jury and there was no trial error presented by any ground of appeal that requires a reversal of the judgment.

I cannot agree that the contract of 1901 made this question of fact one to be determined upon documentary evidence by the court, and that upon such evidence the court should have directed a verdict for the defendant if it had been asked to do so upon this ground. There is nothing in that contract or in the plans and specifications before us that made the vacation or narrowing or abandonment of that highway a part of such contract; if there was any such documentary proof. it was for the appellant to show it to this court, in the absence of which no conjectures as to the possible or even probable contents of unprinted exhibits will be indulged in for the purpose of putting the trial court in the wrong and working a reversal of the judgment. This is a uniform rule of appellate reviews. In the absence of documentary evidence that would make the abandonment of this public high-

way a court question, the submission of that question to the jury was favorable to the defendant and was the legal mode of treating it.

What is really now invoked in favor of the defendant is a sort of equitable estoppel against the public. Upon this appeal, it is not necessary to do more than point out that such a doctrine has never been adopted by this court, and that if it had been, its application must have been by way of an instruction to the jury and not by way of taking from the jury the decision of a question that indeed, to some extent at least, upon testimony as to matters *in pais,* as did both the acceptance of the highway by the public and its abandonment on behalf of the public.

In regard to tract No. 3 there was uncontradicted proof of a documentary dedication, and the bringing of this suit constituted acceptance. Moreover, counsel for each party formally notified the trial court that there was no question to be entrusted to the jury.

The judgment should be affirmed.

*For affirmance*—GARRISON, PARKER, KALISCH, JJ. 3.

*For reversal* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, BERGEN, MINTURN, BLACK, BOGERT, VREDENBURGH, HEPPENHEIMER, WILLIAMS, JJ. 11.